IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHE BAG, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THIRTY ONE GIFTS LLC, a New Jersey limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR COSTS, DAMAGES, AND ATTORNEY FEES<br><br><br><br>Case No. 2:10-CV-781 TS |

This matter is before the Court on Defendant Thirty-One Gifts LLC's Motion for Costs, Damages, and Attorney Fees.[1] Having considered the Motion, the Court enters the following Order.

I. PROCEDURAL HISTORY

Plaintiff Miche Bag, LLC ("Plaintiff") filed its Complaint on August 11, 2010, which alleges that certain products of Defendant Thirty-One Gifts LLC ("Defendant") infringe upon Plaintiff's U.S. Patent No. 6,186,201 (the '201 Patent). On September 10, 2010, the Court held a hearing on Plaintiff's Temporary Restraining Order. Defendant did not appear at the hearing and

---

[1]Docket No. 41.

1

did not file any response prior to the hearing. The Court issued the TRO and scheduled a hearing on Plaintiff's Preliminary Injunction for September 24, 2010. In the Order granting the TRO, the Court ordered that Plaintiff provide security in the amount of ten thousand dollars ($10,000) and set the TRO to expire fourteen days after Plaintiff posted the required security.[2]

Following the Court's issuance of the TRO, Defendant's counsel entered an appearance and filed its opposition to Plaintiff's request for a preliminary injunction, a motion to dissolve the TRO, and a motion to increase the required security on the TRO. At the September 24, 2010 hearing, both parties were present and, after the parties argued their respective positions on the pending motion, the Court orally denied the preliminary injunction because Plaintiff failed to demonstrate irreparable harm and Defendant had brought forth sufficient evidence to call into question the validity of the '201 Patent.[3]

On September 27, 2010, Plaintiff voluntarily dismissed this case with prejudice.[4] Defendant filed the present Motion on October 7, 2010, which moves the Court for an award of costs, damages, and attorney fees against Plaintiff.

## II. DISCUSSION

In the present Motion, Defendant argues that it is entitled to: (1) an entry of damages against Plaintiff in the amount of the $10,000 security; (2) an entry of damages against Plaintiff in excess of the $10,000 security which is consistent with Defendant's alleged actual damages; and (3) an award of attorney fees. The Court will consider each of these in turn.

---

[2]Docket No. 14, at 9.

[3]*See* Docket No. 37 (minute entry from September 24, 2010 proceedings).

[4]Docket No. 39.

2

A.  FORFEITURE OF THE SECURITY

Defendant argues that, pursuant to Fed. R. Civ. P. 65(c), this Court should require Plaintiff to forfeit the $10,000 security to cover Defendant's damages it suffered from being wrongfully enjoined. Under federal case law interpreting Rule 65(c), a party is considered wrongfully enjoined "if it is ultimately found that the enjoined party had at all times the right to do the enjoined act."[5]

The parties do not appear to dispute that Defendant was wrongfully enjoined. Instead, the focus of the parties' dispute is whether Defendant has demonstrated with sufficient certainty that it was damaged during the time the TRO was in effect. Under federal law, a party seeking recovery of damages suffered from being wrongfully enjoined has the burden of proving the amount of damages sustained.[6]

To demonstrate its damages, Defendant calls the Court's attention to the affidavit and hearing testimony of Jon C. Snyder, Defendant's Chief Financial Officer. In opposing this evidence, Plaintiff argues that Mr. Snyder's calculations are at best speculative and based solely on projections, rather than actual damages sustained during the TRO period.

In reviewing Mr. Snyder's calculations, the Court finds that Mr. Snyder's calculations are sufficiently accurate to demonstrate Defendant's damages during the time the TRO was in effect.

---

[5]*Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049 (2d Cir. 1990); *see also Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (holding that "a party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined has the right all along to do what it was enjoined from doing").

[6]*See Nintendo of Am., Inc.*, 16 F.3d, 1036 (finding that "a wrongfully enjoined party is entitled to have the bond executed and recover *provable* damages up to the amount of the bond") (emphasis added).

Mr. Snyder presented actual sales figures for the proceeding year and projected them forward into the specific time-frame of the TRO.  Plaintiff has not brought forth any case law to support its assertion that such projections are inadequate to support Defendant's claims for damages.  Therefore, the Court accepts Mr. Snyder's damages calculation—which total exceeds the value of the security—and will order the release of the full value of the security to Defendants in the amount of $10,000.

B.      AWARD IN EXCESS OF THE BOND

Defendant further argues that it is entitled to an award of the full measure of its damages of $265,000, as projected by Mr. Snyder.  Defendant asserts that although a wrongfully restrained party is generally limited to recover only the amount of the security, the specific circumstances of this case justify an award in excess of the bond.

In the Tenth Circuit, "[t]he general rule is that absent proof of malice in obtaining injunctive relief, a party cannot be liable in damages resulting from a wrongfully or erroneously granted injunction beyond the limits or maximum amount of the bond or bonds."[7]  To demonstrate malice by Plaintiff, Defendant cites to Plaintiff's behavior in serving notice of the TRO hearing on Defendant and Plaintiff's statements made during the TRO hearing and in its moving papers.  The Court finds that none of the examples cited by Defendant demonstrate malice or bad faith.  As a result, the Court finds no reason to depart from the well-established rule that a wrongfully restrained party is limited in its recovery to the maximum amount of the bond and the Court will deny this ground for relief.

---

[7] *Adolph Coors Co. v. A & S Wholesalers, Inc.*,  561 F.2d 807, 813 (10th Cir. 1977)

Defendant's final argument in this regard asks the Court to award damages beyond the amount of the bond pursuant to this Court's inherent powers of equity. In considering this argument, the Court notes that had Defendant entered an appearance in this matter at the TRO hearing, it would have had an opportunity to argue for a greater security at that time. Although the Court is conscientious of the issues of notice argued in Defendant's briefs, the Court remains unconvinced that Defendant lacked complete notice of the TRO proceedings. Defendant's failure to timely respond to the TRO played a role in the setting of the allegedly inadequate security required by this Court. Under these circumstances, the Court declines to use its equitable powers to remove the consequences of Defendant's failure to respond.

C.  ATTORNEY FEES

Defendant lastly argues that it is entitled to an award of attorney fees under 38 U.S.C. § 285. To be entitled to an award of attorney fees under § 285, a party must demonstrate that the case is "exceptional."[8] "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions."[9]

Defendant argues that this case is exceptional because Plaintiff engaged in vexatious or unjustified litigation and pursued a frivolous suit. Specifically, Defendant argues that after Defendant put into issue the validity of Plaintiff's patent, Plaintiff failed to bring forth an

---

[8] 35 U.S.C. § 285 ("The Court in exceptional cases may award reasonable attorney fees to the prevailing party.").

[9] *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

objective, good-faith argument in defense of the '201 Patent's validity. However, in pursuing an infringement claim, a Plaintiff can rely upon the presumed validity of its patent.[10] Therefore, Plaintiff's alleged failure to adequately defend the validity of the '201 Patent at the preliminary injunction stage does not make this case exceptional and the Court will deny this ground for relief.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Thirty-One Gifts LLC's Motion for Costs, Damages, and Attorney Fees (Docket No. 41) is GRANTED IN PART and DENIED IN PART. Plaintiff Miche Bag, LLC is ordered to forfeit the full amount of the security in the amount of $10,000 to Defendant. Defendant's other grounds for relief are denied.

DATED January 4, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10]*See, e.g.*, *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350 (Fed. Cir. 1984).